UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONAVON HENDERSON,<br><br>        Plaintiff,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICES, INC., et al.,<br><br>        Defendants. | Case No. <u>3:15-cv-03028-JD</u><br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 11 and 17 |

## BACKGROUND

In late 2005, plaintiff Donavon Henderson ("Henderson") obtained a loan in the amount of $825,000 from defendant American Mortgage Express Corp. ("AMEC"), which was secured by a deed of trust on the real property located at 3 Woodgate Place, Novato, CA 94945. Dkt. No. 1 ¶¶ 6, 10, 23; Dkt. No. 11-1, Ex A at 1-3.[1] Henderson defaulted on his loan and on June 23, 2008, a Notice of Default and Election to Sell Under Deed of Trust was recorded. Dkt. No. 11-1, Ex. B. On April 18, 2011, the beneficiary of the original loan who is not party to this case transferred its interest to defendant U.S. Bank National Association ("USBNA"). Dkt. No. 11-1, Ex. C.

On June 30, 2015, Henderson brought this action against AMEC and USBNA, as well as Select Portfolio Servicing Inc. ("Select Portfolio") and Bank of America, N.A. ("BANA"). The role the latter parties play in the case is somewhat opaque. Henderson says Select Portfolio is a loan servicing company, but it is unclear whether it serviced the original loan. Dkt. No. 1 ¶ 2. BANA's role is even less clear. The complaint suggests that AMEC transferred its interest to

---

[1] The Court takes judicial notice of Dkt. No. 11-1, Exs. A-C, and Dkt. No. 18, Exs. 1-3 under the "incorporation by reference" doctrine. "[E]ven though the plaintiff does not explicitly allege the contents of th[ese] document[s] in the complaint," the plaintiff's claim "depends on the contents of [these] documents," and "the parties do not dispute the authenticity of the document[s]." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

BANA, which then assigned its interest to USBNA. *Id.* ¶¶ 23, 33. But according to defendant BANA, BANA was a former servicer of the loan and Select Portfolio is the current servicer. Dkt. No. 17 at 2.

In any event, Henderson seeks statutory damages and rescission of his loan on the ground that he never received the original mortgage disclosures required under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, ("TILA") and that he served defendants AMEC and BANA a notice of rescission on June 21, 2011. Dkt. No. 1 ¶¶ 14, 17, 19-21, 25-30. Henderson also claims that defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA") by continuing to enforce the loan despite his purported rescission. *Id.* ¶¶ 31-32. In addition, under the Declaratory Judgment Act, 28 U.S.C. § 2201, ("DJA"), Henderson seeks a declaratory relief that defendants' security interest in the loan is void. *Id.* ¶ 33.

Defendants Select Portfolio and USBNA move to dismiss the complaint as time-barred, among other reasons. Dkt. No. 11 at 5-8. BANA moves to dismiss largely on the same arguments and for failure to satisfy Fed. R. Civ. P. 8(A). Dkt. No. 17 at 4-10.

The Court finds the case suitable for resolution without a hearing. Civil L.R. 7-1(b). After carefully reviewing the parties' submissions, the Court dismisses the complaint with leave to amend.

**DISCUSSION**

As an initial matter, Henderson's rescission claim under TILA is time-barred. The statute "grants borrowers an unconditional right to rescind for three days, after which they may rescind only if the lender failed to satisfy the Act's disclosure requirements." *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015). "Even if a lender *never* makes the required disclosures, the 'right of rescission . . . expire[s] three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first.'" *Id.* (citing 15 U.S.C. § 1635(f)). Henderson does not dispute in any of his opposition papers that his mortgage transaction was consummated before October 28, 2005, when the deed of trust was recorded. Dkt. No. 11-1, Ex. A. Consequently, even assuming that defendants did not provide the requisite disclosures, Henderson's right to rescind expired, at the latest, on October 28, 2008, and his notice of

rescission allegedly sent on June 21, 2011 was untimely by more than two and a half years.

Henderson's invocation of equitable tolling does not save the rescission claim. *See* Dkt. No. 1 ¶¶ 14-16. The Ninth Circuit has held that the 3-year limitation in § 1635(f) is a statute of repose that "extinguishes [borrower's] right to rescission . . . three years after the consummation of the loan," and is not subject to tolling. *McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1320 (9th Cir. 2012); *see id.* at 1329-30 (holding that the existence of a tolling agreement did not extend the statute of repose for a TILA rescission claim); *see also Balam-Chuc v. Mukasey*, 547 F.3d 1044, 1048-50 (9th Cir. 2008) (explaining that unlike statute of limitations, statute of repose is not subject to equitable tolling).

To the extent Henderson seeks statutory damages under Section 1640 of TILA, Dkt. No. 1 ¶ 19, this claim is also time-barred. A request for damages under TILA is subject to a one-year statute of limitations. *McOmie-Gray*, 667 F.3d at 1328; 15 U.S.C. § 1640(e). In *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899 (9th Cir. 2003), the Ninth Circuit held that a Section 1640 damages claim based on the defendant's failure to make the required TILA disclosures accrued "at the time the loan documents were signed," when the plaintiffs "were in full possession of all information relevant to the discovery of a TiLA violation." 342 F.3d at 902. Henderson's damages claim accrued on October 21, 2005 when he signed his loan documents, Dkt. No. 11-1, Ex. A at 12, and long expired by June 30, 2015 when he filed this suit, Dkt. No. 1 at 13.

Henderson argues that defendants' fraud prevented him from discovering the violation and should suspend the one-year statute of limitations. Dkt. No. 1 ¶¶ 14-16. But to seek equitable tolling for fraudulent concealment, Henderson has the burden of establishing that "he has been pursuing his rights diligently" and that "some extraordinary circumstances stood in his way." *Credit Suisse Sec. (USA) LLC v. Simmonds*, 132 S. Ct. 1414, 1419 (2012). Other than conclusively asserting that Henderson "conducted his due diligence," Dkt. No. 12 at 5, neither the complaint nor Henderson's opposition papers establishes the two elements. In his opposition papers, Henderson alleges that he "hired a forensic loan auditor . . . [and] discovered several inconsistencies and fraudulent documents recorded by Defendants." *Id*. But again this does not explain why Henderson could not have hired the auditor earlier. Henderson admits that once the

3

audit revealed defendants' "wrongdoing," he "immediately" sent his notice of rescission. *Id.* This means, at the very least, by June 21, 2011 when he allegedly sent his notice of rescission, Dkt. No. 1 ¶ 14, Henderson must have known that defendants had not made the required disclosures. Since Henderson did not file his claim until more than four years later, his TILA claim for statutory damages is time-barred.

The FDCPA claim also cannot survive defendants' motions to dismiss. The FDCPA prohibits "debt collector[s]" from "making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). Rather than plead the elements of an FDCPA claim, Henderson asserts only that he "believes" defendants "are simply just going to attempt to take their home without even proving they have the right to do so." Dkt. No. 1 ¶ 32. This barest of allegations does not come close to stating an FDCPA claim. As an initial matter, Henderson does not say which defendant might take the actions he alleges. On the face of the complaint, it is unclear whether any defendant has taken any action at all against him. At most, Henderson asserts a subjective belief or fear that defendants "are . . . going to attempt" foreclosure in the future. *Id.* That does not fit within the purview of the FDCPA's concerns and falls short of satisfying Fed. R. Civ. P. 8(a), which requires a complaint to "say enough to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (citation and internal quotation marks omitted).

Even assuming that defendants did attempt to foreclose Henderson's property by using "abusive and unfair practices," *Heintz*, 514 U.S. at 292, the FDCPA claim is unlikely to survive. Although the Ninth Circuit has not spoken on the issue of whether non-judicial foreclosure activities constitute "debt collection" within the meaning of the FDCPA, the vast majority of district courts within this circuit that have considered the issue have concluded that they are not. *Cromwell v. Deutsche Bank Nat. Trust Co.*, No. 11-cv-2693-PJH, 2012 WL 244928, at *2 (N.D. Cal. 2012) (collecting cases).

Since TILA and FDCPA claims fail, Henderson cannot maintain a valid cause of action under the DJA. Dkt. No. 1 ¶ 33. The DJA is a remedial statute, and does not confer an

4

independent subject matter jurisdiction. *Countrywide Home Loans, Inc., v. Mortgage Guar. Ins. Corp.*, 642 F.3d 849, 853 (9th Cir. 2011). Because Henderson has not established subject matter jurisdiction over his claims under any other statute, the Court dismisses Henderson's claim for a declaratory relief.

## CONCLUSION

The complaint is dismissed in its entirety, with leave to amend. Although the Court is doubtful that Henderson can cure the deficiencies of the complaint by amendment, considering his pro se status, it will afford an opportunity to do so. *See Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) ("Leave to amend . . . should be granted more liberally to pro se plaintiffs."). If Henderson chooses to file an amended complaint, he may not add any new claims or parties to the complaint, and the amended complaint must be filed within **twenty-one (21) days** of the date this order is filed. Failure to amend within the designated time will result in the dismissal of this action with prejudice.

**IT IS SO ORDERED.**

Dated: March 17, 2016

JAMES DONATO
United States District Judge